IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DERRICK HARDY**                                                                                   **PLAINTIFF**

v.                                      **CASE NO. 4:23-CV-00925-BSM**

**DEPARTMENT OF VETERANS AFFAIRS,** *et al.*                          **DEFENDANTS**

## ORDER

The Department of Veterans Affairs's ("VA") motion to dismiss [Doc. No. 11] is granted and Derrick Hardy's claims are dismissed without prejudice because: (1) this court lacks jurisdiction to hear his medical negligence, wrongful acts, and medical malpractice claims; (2) the government has not waived sovereign immunity for his disability discrimination claims; and (3) Hardy fails to state a race or age discrimination claim.

## I. BACKGROUND

On January 10, 2023, Hardy went to the VA medical clinic in Conway for a primary care visit while wearing his own cloth face mask. Compl. ¶¶ 16–17, Doc. No. 1. Hardy was told by his doctor to put on a medical grade mask supplied by the VA. *Id.* at ¶¶ 20–21. Hardy refused to do so because he suffers from an alpha-gal allergy. *Id.* at ¶¶ 21–23. VA security and the local police were called to escort Hardy out of the clinic for refusing to wear the VA provided mask. *Id.* at ¶¶ 24–29. Hardy has brought a number of claims against defendants, and defendants are moving to dismiss all claims.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) permits dismissal for lack of subject-matter

jurisdiction based on a "facial" or "factual" attack. *Moss v. United States*, 895 F.3d 1091, 1097 (8th Cir. 2018). A facial attack is made when a plaintiff's allegations are accepted as true for the purpose of determining subject-matter jurisdiction. *Carlsen v. GameStop, Inc.*, 833 F.3d 903, 908 (8th Cir. 2016). Where a party brings a facial attack, the complaint is reviewed in the light most favorable to the plaintiff. *McDaniel v. I.R.S.*, No. 4:10-CV-00045-SWW, 2010 WL 1404053, at *1 (E.D. Ark. Apr. 6, 2010) (citing *McMorrow v. Little*, 109 F.3d 432, 434 (8th Cir. 1997)).

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when the plaintiff fails to state a claim upon which relief may be granted. To meet the 12(b)(6) standard, a complaint must allege sufficient facts that state a plausible claim of relief to which the plaintiff may be entitled. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Although detailed factual allegations are not required, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are insufficient. *Id.* In ruling on a 12(b)(6) motion to dismiss, materials embraced by the pleadings, as well as exhibits attached to the pleadings and matters of public record, may all be considered. *Mills v. City of Grand Forks*, 614 F.3d 495, 498 (8th Cir. 2010).

### III. DISCUSSION

A.  <u>Medical Negligence, Wrongful Acts, and Medical Malpractice Claims</u>

Hardy's medical negligence, wrongful acts, and medical malpractice claims against the VA, Dr. Maria T. Travis, and Nurse Manager Michael Smith, Compl. ¶¶ 44–88, are dismissed.

Hardy's claims could be considered under either the Federal Tort Claims Act ("FTCA"), 28 U.S.C. section 1346(b)(1), or the Veterans Judicial Review Act ("VJRA"), 38 U.S.C. sections 511 *et seq*. Dismissal of his claims under the FTCA is appropriate because there is no state law analog to the claims. *See FDIC v. Meyer*, 510 U.S. 471, 477 (1994) (requiring state law analog to bring claim under FTCA); Ark. Code Ann. § 16-114-201 (requiring receipt of medical services to establish medical injury). Moreover, defendants Travis and Smith cannot be held personally liable because the government assumes liability on their behalf under the FTCA. *See* 28 U.S.C. § 1346(b)(1). Dismissal of his claims under the VJRA is appropriate because district courts have no subject-matter jurisdiction over those types of claims. *See Thomas v. Principi*, 394 F.3d 970, 975 (D.C. Cir. 2005) (dismissing allegation that denial of medical care caused emotional distress for lack of jurisdiction because adjudication of claims would require court to determine whether VA acted properly in providing veteran benefits). Instead, Hardy's remedy would be to file a claim for benefits with a regional VA office and then, if unsuccessful, pursue the VJRA appeals process. *See Mehrkens v. Blank*, 556 F.3d 865, 869 (8th Cir. 2009) (describing VJRA process).

B.   <u>Disability Discrimination Claims</u>

Hardy's disability discrimination claims against the VA, Travis, and Smith, Compl. ¶¶ 89–104, are dismissed.

Because these claims involve alleged disability discrimination by a federal entity, the Rehabilitation Act, and not the Americans with Disabilities Act, provides the proper statutory scheme. *See Stipe v. Dep't of Veterans Affairs*, No. 4:06-CV-1692-SNL, 2007 WL 9805602,

at *1 (E.D. Mo. Apr. 6, 2007). Congress has not waived sovereign immunity against monetary damage awards for violations of the Rehabilitation Act. *Lane v. Pena*, 518 U.S. 187, 191–97 (1996); *United States v. Hall*, 269 F.3d 940, 942 (8th Cir. 2001). Additionally, "claims under the Rehabilitation Act may not be brought against individuals . . . ." *Harris v. Mills*, 478 F. Supp. 2d 544, 547–48 (S.D.N.Y. 2007). Therefore, these claims cannot be heard.

    C.    <u>Race Discrimination Claims</u>

Hardy's race discrimination claims against the VA, Travis, and Smith, Compl. ¶¶ 89–104, are dismissed.

Hardy asserts that he was denied medical care because he is white. *See* Pl.'s Resp. Mot. Dismiss 12–13, Doc. No. 13. As a comparator, Hardy points out that a black security guard in the clinic was also wearing a cloth face mask. Compl. ¶ 92.

Hardy's race discrimination claims must be dismissed because defendants give a legitimate, nondiscriminatory reason for denying Hardy medical care—medical grade face masks are more effective than cloth face masks. And, Hardy fails to show that this reason is mere pretext for discrimination. Hardy's comparator analysis fails because the security guard was not a patient or in close interaction with a doctor like Hardy was and therefore is not similarly situated in all relevant respects to Hardy. *See Chappell v. Bilco Co.*, 675 F.3d 1110, 1118 (8th Cir. 2012) (comparators must be similarly situated in all relevant respects to the plaintiff). Therefore, Hardy fails to state race discrimination.

D. <u>Age Discrimination Claims</u>

Hardy's age discrimination claims against the VA, Travis, and Smith, Compl. ¶¶ 89–104, are dismissed.

Hardy asserts that he was denied medical care because of his youth. *See* Pl.'s Resp. Mot. Dismiss 16–17. As a comparator, Hardy points to the same security guard mentioned above, whom Hardy states was also older than he was. Compl. ¶ 92.

Hardy's age discrimination claims must be dimsissed because he has no claim under the Age Discrimination Act of 1975, 42 U.S.C. sections 6101 *et seq.* This is true because that statute does not create a private cause of action. *See Mittelstaedt v. Bd. of Trs. of Univ. of Ark.*, 487 F. Supp. 960, 965 (E.D. Ark. 1980); *see also Sindram v. Fox*, 374 F. App'x 302, 305 (3d Cir. 2010) (per curiam). His claims also fail under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. section 631(a), because the ADEA only applies to employment discrimination, and Hardy is not old enough to qualify under the Act. *See* Compl. at 41 (Hardy was born on October 31, 1986, and therefore was thirty-six at the time of the alleged discrimination); *Chambers v. Metro. Prop. & Cas. Ins. Co.*, 351 F.3d 848, 855 (8th Cir. 2003) (stating that the ADEA "prohibits an employer from discriminating on the basis of age if that person is over 40 years old"). Furthermore, like the analysis given above, the security guard is not similarly situated in all relevant respects to Hardy. Therefore, Hardy fails to state age discrimination.

## IV. CONCLUSION

For the foregoing reasons, the VA's motion to dismiss is granted and Hardy's claims

are dismissed without prejudice.

    IT IS SO ORDERED this 3rd day of January, 2024.

                                                UNITED STATES DISTRICT JUDGE